(33 South. 89.)

No. 14,386.

CAREY et al. v. CAGNEY et al.

(Dec. 1, 1902.)

TAX DEEDS—ACTION TO ANNUL—LIMITATIONS—POSSESSION—NECESSITY—CONSTRUCTIVE POSSESSION—OUSTER.

1. Act No. 80 of 1888 makes provision for the sale of property which had been adjudicated to the state for taxes of 1880 and subsequent years. In sections 2 and 3 of this act it is set forth that no bids for such property shall be accepted, or sale made, for a less sum than the total amount for which the property was adjudicated to the state, together with 20 per centum and all costs of selling the property. This a prohibitory law and a bid accepted and a sale made in violation of its mandate, renders void the title predicated thereon.

2. There must be a possession, either actual or constructive, on part of the holder of a tax title to render effective in his behalf the statute of repose embodied in article 233 of the constitution of 1898.

3. Where the original owner remains in the actual, corporeal possession of the property, such possession is in continuous conflict with the claim arising under the tax title, and a continuous protest against the same, and it cannot be held, under such circumstances, that any prescription operating as a statute of repose runs in favor of the holder of the tax title.

4. Where the original owner was in actual possession at the time of the tax sale and so remains in possession, the initiative is not upon him. He stands on his possession against the world; it is a badge of ownership; and no prescription can be held applicable that would operate to deprive him of the right to defend

that possession and the title upon which it is predicated.

5. While constructive possession springing from a later title deed ousts constructive possession which had been held under an earlier deed, constructive possession can in no case have the effect of ousting actual possession held under an adverse title giving the color of right. One is a fiction of law; the other a tangible fact. The fiction is inoperative as against the fact; the unreal as against the real. The actual possession here referred to means the corporeal detention of the property.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Calcasieu; Edmund Denis Miller, Judge.

Suit by Carey & Co. and another against Cagney & Foley and by Cagney & Foley against Carey & Co. and another. From judgments in both actions in favor of plaintiffs in the first action, defendants in that action appeal. Reversed.

Pujo & Moss and E. Howard McCaleb, Jr., for appellants. Schwing & Moore, for appellees.

BLANCHARD, J. In execution of a judgment recovered by the Cincinnati & Lake Charles Land Company against Franklin W. Jolet, the sheriff of Calcasieu parish, in the year 1896, seized a certain piece or parcel of land belonging to said Jolet, situated in the town of Lake Charles, and in December of the year mentioned adjudicated the same, at sheriff's sale, to Carey & Co. and L'Hote & Co. The title of the adjudicatees was duly inscribed in the conveyance records of the parish on December 29, 1896.

The following year, 1897, the property was assessed to them for taxes.

It seems they failed to pay these taxes and the same having become delinquent, the tax collector did, on September 10, 1898, under the authority of Act No. 85 of 1888, expose the property for sale for the taxes of 1897, and there being no bidders he adjudicated the same to the state of Louisiana and executed formal title to the state, which was inscribed in the conveyance records on November 21, 1898.

Section 53 of the statute referred to prescribes that in selling property for taxes no bid shall be accepted unless the same equals, at least, the taxes due on the property, with interest and costs, and in default of such bid

the tax collector is directed to adjudicate the property to the state.

A reference to the collector's deed to the state shows the property in question was assessed at $2,000 for the year 1897 and that the taxes, interest and costs due on this assessment at the time of the sale, and to pay which the property was exposed for sale, were as follows:—State taxes $12; interest $1.20; advertisement $1; collector's charge for making and recording tax deed and copy thereof $1.50; parish tax $4—aggregating $19.70; and this, under the law, represented the price of the adjudication to the state.

There was no redemption of the property thus sold to the state, as the statute authorized, and in 1901, pursuant to Act No. 80 of 1888 and under instructions from the state auditor, the tax collector exposed for sale the property in question and other property in the parish of Calcasieu, which had been adjudicated to the state for nonpayment of taxes and had not been redeemed, and at this sale the parcel of land about which we are now concerned was adjudicated to Cagney & Foley for the price of $20.

They paid the price and received a deed from the tax collector, which was duly inscribed in the conveyance records.

They thereupon filed a petition in the district court of Calcasieu parish in which they set forth their acquisition of the property and prayed that, in accordance with authority conferred by section 5 of Act No. 80 of 1888, the sheriff be commanded to seize the property and after three days' notice of such seizure to Carey & Co. and L'Hote & Co., or their tenants, that he be directed to put petitioners in possession thereof, unless enjoined from so doing by a court of competent jurisdiction.

The writ of possession issued and the sheriff took the property into his possession and gave notice to Carey & Co. and L'Hote & Co. that, unless enjoined by a competent court, he would proceed after legal delay to place Cagney and Foley in possession of the same.

Whereupon Carey & Co. and L'Hote & Co. brought the present action to enjoin the sheriff.

The two suits—one for possession and one enjoining the attempt to get possession—were consolidated and tried together.

From a judgment in favor of Cagney & Foley dissolving the injunction and directing the sheriff to put them into possession of the property, Carey & Co. and L'Hote & Co. appeal.

Ruling—The consolidated suits present the case of assertion of a tax title and the right of possession thereunder, by one of the parties, and of the assertion of the nullity of that title and resistance to possession thereunder, by the other parties.

There, too, arises the question of the applicability of the constitutional prescription of three years, which is pleaded by Cagney & Foley against the attempt by their adversaries to invalidate the tax title under which they claim.

One of the contentions of Carey & Co. and L'Hote & Co. is that the deed under which Cagney & Foley claim is affected with a patent nullity in this, that the sale it evidences was made in violation of a prohibitory law.

This contention is predicated on sections 2, 3, Act No. 80 of 1888. This act makes provision for the sale of property which had been adjudicated to the state for the taxes of 1880 and subsequent years.

In sections 2 and 3 it is set forth that no bid for such property shall be accepted or sale made for a less sum than the total amount for which the property was adjudicated to the state, together with 20 per centum thereon, and all costs of selling the property.

As we have seen the total amount for which the property was adjudicated to the state was $19.70. Twenty per cent. of this is $3.94. The sum of these amounts is $23.64, whereas the bid which the tax collector accepted from Cagney & Foley was $20, or $3.64 less than the amount it should have been, and this, too, without counting the costs of the sale, which, by the terms of the act, were to be added.

For the insufficient amount bid and paid by them the tax collector executed a deed to Cagney & Foley, which deed is the basis of their present claim to the property.

Such a bid and sale, coming as it does within the prohibition of the statute, renders void the title predicated thereon. Sections 2, 3, Act No. 80 of 1888; section 2, Act No. 107 of 1880; Waddill v. Walton, 42 La. Ann. 763, 7 South. 737; Martinez v. Tax Collectors, 42 La. Ann. 680, 7 South. 796; State v. Can-

non, 44 La. Ann. 734, 11 South. 86; Redfield v. Parks, 132 U. S. 239, 10 Sup. Ct. 83, 33 L. Ed. 327; Code Prac. art. 44.

But Cagney & Foley attempt to evade this by the contention that insufficiency of price is not set up in the pleadings as ground of nullity.

True, in the petition for injunction, among the various grounds averred by Carey & Co. and L'Hote & Co. for the avoidance of the title of Cagney & Foley, we do not find a specific allegation covering the matter of insufficiency of price. We do find, however, in the prior petition filed by Cagney & Foley, praying for a writ of possession, the averment that the property in question was bought by them for a price equal to the amount required by law to entitle them to an adjudication and deed.

The subsequent petition of Carey & Co. and L'Hote & Co. for injunction is viewed in the nature of an answer to the earlier petition of their adversaries for possession, and the two suits being consolidated, to the petition in each may we look for the issues raised. This is strengthened by Cagney & Foley's answer to the injunction petition, for there we find an allegation that all essential formalities, proceedings and prerequisites of the law leading up to the sale were fulfilled and the adjudication made to them valid.

We think from these pleadings may be deduced sufficient basis for the contention of the nullity of the sale to Cagney & Foley for insufficiency of amount bid and paid by them.

This brings us to the consideration of Cagney & Foley's plea of prescription. They aver in their answer to the petition for injunction that the adjudication to the state having been made in 1898 and recorded in November of that year, more than three years had elapsed before this suit was instituted and, hence, Carey & Co. and L'Hote & Co. are barred from setting up as grounds of nullity any of the causes alleged by them—citing article 233 of the constitution of 1898.

True it is that neither dual assessment, nor payment of taxes for which the property was sold prior to the date of sale, is alleged by Carey & Co. or L'Hote & Co., and the contention of Cagney & Foley is that all other grounds are, after the lapse of three years from the adoption of the constitution, barred by the prescription of article 233.

In Canter v. Williams' Heirs, 107 La. 77, 31 South. 627, this court applied the constitutional prescription or peremption to the protection of a tax purchaser' who had, through himself and his vendors, the actual, corporeal possession of the property for three years following the adoption of the constitution. It was there said the constitutional prescription had the effect of a statute of repose.

And in Ashley Co. v. Bradford (just decided) 33 South. 634,[1] the court applied the same prescription to the protection of a tax purchaser of wild lands, which had never been in the actual possession of either the record owner or the tax purchaser, holding that in such case the civil or constructive possession resulting to the tax purchaser from his deed and its registry sufficed as a basis for the prescription, within the intendment of the constitution.

But here we have the case of a tax purchaser who has never had either the actual or constructive possession of the property; a case where the record owner is now and has been always in the corporeal possession of the property.

While constructive possession springing from a later title deed ousts constructive possession which had been held under an earlier title deed, constructive possession can in no case have the effect of ousting actual possession held under an adverse title giving color of right. One is a fiction of the law; the other a tangible fact. The fiction is inoperative as against the fact; the unreal as against the real. The actual possession here referred to means the corporeal detention of the property.

The case here presented comes within the third class of tax purchasers mentioned in the Ashley Case, supra, and the first designation of such purchasers as classified by Judge Cooley in his work on Taxation.

See 2d Ed. p. 557.

With reference to these the learned author says (p. 557):—

"In the first class of cases it would be manifest and most gross injustice to make lapse of time alone extinguish the title of the original owner. Being in full possession of his rights, it is the adverse claimant and not himself who seems to be negligent in not bringing suit. And it is not surprising that.

---

[1] Post, p. 641.

under such circumstances, question should be made whether it is competent to limit a period at the expiration of which the tax title shall become a perfect title and not open to controversy and dispute."

And he cites in this connection, Groesbeck v. Seeley, 13 Mich. 329; Conway v. Cable, 37 Ill. 82, 87 Am. Dec. 240; Case v. Dean, 16 Mich. 12; Waln v. Shearman, 8 Serg. & R. 357, 11 Am. Dec. 624. To which we add Quinlon v. Rogers, 12 Mich. 168; Rogers v. Johnson, 67 Pa. 48; Martin v. Barbour, 140 U. S. 634, 11 Sup. Ct. 944, 35 L. Ed. 546; Redfield v. Parks, 132 U. S. 251, 10 Sup. Ct. 83, 33 L. Ed. 327; Marx v. Hanthorn, 148 U. S. 182, 13 Sup. Ct. 508, 37 L. Ed. 410; Alexander v. Gordon, 41 C. C. A. 228, 101 Fed. 97.

At page 561 Judge Cooley goes further and says the actual, open and notorious possession of the original owner interrupts the running of the statute against him, notwithstanding the tax deed is recorded. He cites, as supporting this view, Lewis v. Disher, 32 Wis. 504; Wilson v. Henry, 35 Wis. 241; Coleman v. Eldred, 44 Wis. 210; Smith v. Ford, 48 Wis. 115, 2 N. W. 134, 4 N. W. 462; Stephenson v. Wilson, 50 Wis. 95, 6 N. W. 240; Haseltine v. Mosher, 51 Wis. 443, 8 N. W. 273; Smith v. Sherry, 54 Wis. 114, 11 N. W. 465; Lombard v. Culbertson, 59 Wis. 433, 18 N. W. 399, and says in Iowa the decisions under a statute corresponding to that of Wisconsin have been essentially the same as in the latter state.

The Wisconsin statute was to the effect that any suit or proceeding for the recovery of land sold for taxes, except in cases where the taxes have been paid, or the lands redeemed as provided by law, must be commenced within three years from the recording of the tax deed. It is thus seen that ours, as embodied in the constitution, is practically the same.

In Alabama it is held that the purpose of the five-years statute of limitations, which obtains in that state, is to give repose to the title of the tax purchaser if in possession, and to quiet all litigation if he is not in possession. Pugh v. Youngblood, 69 Ala. 296.

Where the original owner remains in the actual possession of the property, such possession is in continuous conflict with the claim arising under the tax title, and a continuous protest against the same, and to hold, under such circumstances, that any prescription op-

erating as a statute of repose, runs in favor of the holder of the tax title, out of possession, would indeed amount to a denial of substantial rights and a taking of property without due process of law.

When the record owner, as here, was in actual possession at the time of the tax sale and so remains in possession, the initiative is not upon him. He stands on his possession against the world; it is a badge of ownership; and no prescription can be held applicable that would operate to deprive him of the right to defend that possession and the title upon which it is predicated.

There must be a possession, either actual or constructive, on part of the holder of the tax title, to render effective in his behalf the statute of repose.

Such, we apprehend, is the true meaning and intent of the second clause of article 233 of the constitution.

The judgment appealed from is avoided and reversed, and it is now ordered, adjudged and decreed that the writ of seizure which issued at the suit of Cagney & Foley against Carey & Co. and L'Hote & Co. be set aside, and that the injunction which issued at the suit of Carey & Co. and L'Hote & Co. against Cagney & Foley be sustained and perpetuated.

It is further ordered, etc., that the right be reserved to Cagney & Foley to recover from Carey & Co. and L'Hote & Co. the amount of whatever taxes the former may have paid on the property in dispute, with such interest as may be legally due thereon.

It is further ordered, etc., that all the costs of this litigation be borne by Cagney & Foley.

NICHOLLS, C. J., concurs in the decree.