## No. 6010.

# PETER G. RIDDELL vs. ALFRED E. RINGE.

## Syllabus.

1. The unsupported presumption of notice of delinquency resulting from the declarations of the tax deed, must yield to the positive denial of notice by the taxpayer.

2. "Even if a person who commenced his possession of an estate for another, should entertain the intention of no longer holding for that other, but for himself, yet shall he still be presumed to hold possession for the person for whom he originally took it."

    R. C. C., 3446.

3. Where the tax debtor was in actual possession at the time of the tax sale and continues to retain such possession, the prescription embodied in Article 233 of the Constitution of 1898 does not run in favor of the tax title.

Appeal from the Civil District Court, for the Parish of Orleans, Division "D," No. 100,947. Hon Porter Parker, Judge.

Frank W. Hart, for plaintiff and appellant.

A. Voorhies, J. Gross and L. Depoorter, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff, who seeks in this proceeding to confirm his tax title, appeals from a judgment in favor of the defendant, the tax debtor, sustaining the latter's assault upon and annulling the tax sale upon which plaintiff's title is based.

Defendant urges many grounds for annulling the tax sale, but one only need be noticed, namely: that no notice

— 157 —

of delinquency and intended sale was served as required by law.

The only proof submitted by plaintiff of the service of such notice, is the declaration to that effect contained in the tax deed itself. The officer whose duty it was to make the service did not testify, nor was his return, if any existed, put in evidence. On the other hand, defendant as a witness denies that any notice was served upon or received by him.

Under such circumstances we must conclude that the law as to this notice was not observed, for the unsupported presumption arising from the declaration of the tax deed must yield to the positive denial of the tax debtor.

### In re. Nylka Land Company, etc., 8 Court of Appeals, 151.

The prescription embodied in Article 233 of the Constitution of 1898, affords no protection to plaintiff.

Defendant acquired title and physical possession of the property in 1883 and still retained same at the time of the tax sale in 1900. Shortly thereafter he delivered possession to two parties to whom he had agreed to sell the property, and he permitted them to continue in possession even after they had rejected the title and had declined to carry out their promise of purchase.

While thus in possession they secured a written permit from plaintiff to occupy the premises. This was done without the knowledge or consent of defendant, who, as soon, apparently, as he was apprised thereof, demanded and secured of them a return of the property, the physical possession of which he has since retained.

Upon these facts it is clear that, notwithstanding the secret permit issued by plaintiff, defendant legally pre-

served in himself the actual, physical possession of the property from the date of the tax adjudication to the present time.

R. C. C., 3446.

And such being the case, it follows that plaintiff is without right to invoke the prescription embodied in Article 233 of the Constitution of 1898, which has no application to a case where the tax-debtor, after the adjudication, continues in actual possession of the property.

Carey vs. Cagney, 109 La., 83.

There is no error in the judgment and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 25th, 1914.

### On Application for Rehearing.

#### Per Curiam.

#### Syllabus.

Article 233 of the Constitution of 1913 providing that "no judgment annulling a tax shall have effect until the price, taxes, costs, etc., be previously paid to the purchaser," is self operative and requires no reservation to that effect in the judgment itself.

The appellant complains that the Court has failed to provide that its judgment shall not be effective until he, as holder of the tax title, be reimbursed the price paid with penalties and taxes.

No such reservation was necessary. Article 233 of the Constitution of 1913, is self operative. The appellee cannot execute the judgment until he pays or tenders to the appellant the amount due him under the Article.

It is unnecessary therefore to amend our decree.

Rehearing refused.