(78 South. 242)

No. 21042.

BARONET et al. v. HOUSSIERE et al.

(Feb. 25, 1918. Rehearing Denied April 1, 1918.)

*(Syllabus by the Court.)*

TAXATION ⬥804—INVALID TAX TITLE—PRESCRIPTION—CONSTITUTIONAL PROVISIONS.

The doctrine that the prescription of three years, under article 233 of the Constitution, does not operate as a statute of repose in favor of the holder of an invalid tax title as long as the original owner remains in actual possession of the property, is founded upon the fact or theory that such possession is in continuous conflict with, and a continuous protest against, the claim arising from the tax sale. Hence the doctrine cannot defeat the claim of the owner of a fourth interest in the tax title, in a suit against one who, before acquiring the claim of the original owner, not in possession, bought three-fourths interest in the tax title (by deeds purporting to convey the tax title to the whole property) and acquired possession of the property from the holders of the three-fourths interest in the tax title.

Provosty, J., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Petitory action and suit for partition by Prosper Baronet and others against Eugene

Houssiere and others. From a judgment rejecting their demands, plaintiffs appeal. Judgment annulled, and adjudged that plaintiffs be recognized as the owners of an interest in the land, and that the case be remanded to the district court for trial and decision of suit for partition, and all incidental demands.

Chappuis & Holt, of Crowley, for appellants. Smith & Carmouche and Philip Sidney Pugh, all of Crowley, for appellees.

O'NIELL, J. This is a petitory action for a fourth interest in 320 acres of land, being the south half of a tract designated as section 38, in T. 9 S., R. 1 W., and section 32, in T. 9 S., R. 2 W. The suit is also for a partition of the land. The plaintiffs appeal from a judgment rejecting their demands.

They claim title by inheritance from their mother, Cecelia Simon Baronet, who died in 1892. Her husband, Theodore Baronet, bought a half interest in the land from the heirs of Alexander R. Broussard on the 10th of March, 1891, during the marital community existing between the plaintiffs' parents. Hence a fourth interest in the 320 acres of land became the property of the plaintiffs' mother. Alexander R. Broussard had bought the land from Joseph J. Beauchamp on the 20th of April, 1885.

The whole tract of 640 acres had been confirmed to Valere Bourque on the 9th of July, 1811, per certificate B–1108. It was sold to Joseph J. Beauchamp on the 2d of October, 1871, for delinquent taxes of 1869 and 1870, assessed in the name of Valery Bourque. The tax deed contains a recital that all requirements and formalities of law were complied with, and that the land was sold by the tax collector in 13 lots, 12 containing 50 acres each, and one containing 40 acres, according to a plat furnished by a surveyor. The deed was recorded in the conveyance records in the recorder's office on the 16th of November, 1871.

The defendant Eugene Houssiere claims title through mesne conveyances from C. C. Duson. The other defendant Joseph Leger was in possession as the tenant of Houssiere when the suit was filed.

C. C. Duson bought a half interest in the property from Theodore Baronet on the 22d of March, 1893; that is, after the plaintiffs' mother had died and her half interest in the community property had descended to her children. And on the same day Duson bought the other half interest in the property from Frank Quibodeaux, who, like Theodore Baronet, had bought from the heirs of Alexander R. Broussard.

Thereafter, that is, on the 24th of April, 1893, C. C. Duson, by notarial deed, bought, for $750 cash, from 36 persons claiming to be the heirs of Charles Bourque, "all their rights, title and interest as heirs of Charles Bourque, deceased, in and to a certain tract of land known as the Valery Bourque concession No. 1108, being section 38, T. 9 S., R. 1 W., and section 32, T. 9 S., R. 2 W., containing in all 640 acres, more or less, situated in the parish of Acadia."

Charles Bourque bought from Jean Baptiste Figurant, on the 22d of November, 1822, "a tract of 320 superficial arpents of land on Bayou Plaquemine Brulee, in said parish, bounded on the south, east and west by lands of the United States or public domain, and on the north by land of vendor, being part of the land acquired at the succession sale of Joseph Bourque, deceased, made by George King, judge of the said parish, in August, 1816." The deed was recorded in the office of the notary public before whom it was signed, but not in the office of the recorder of conveyances of the parish in which the land was situated.

The property was not included in the inventory of the estate of Charles Bourque,

whose succession was opened in 1841. There appeared, however, in the inventory of the estate of his widow, Celeste Hebert Bourque, whose succession was opened in 1843, a tract of land described as follows, which the defendants claim is the south half of the Vallere Bourque concession B–1108, viz.: "Another tract of land situated on Bayou des Bourques, in the aforesaid parish, containing 392 arpents, more or less, bounded on all sides by the public domain." The land was appraised at 50 cents an acre. It was not sold in the probate proceedings, as far as the record discloses.

John Baptiste Figurant bought from the succession of Susanne Bourque, widow of Joseph Bourque, at a public sale made by George King, parish judge, on the 12th of August, 1816, "a tract of land situated on the Bayou Plaquemine Brulee in the aforesaid parish, bounded on both sides by public land, containing 640 superficial acres, and being the same on which the vacherie of the deceased was kept." The deed was not recorded in the recorder's office.

Susanne Bourque acquired from Valiert Bourque, a deed reciting that for and in consideration of the sum of $1, to him in hand paid by Susanne Bourque, and for divers other considerations, the said Valiert Bourque thereby granted, bargained, sold and confirmed unto Susanne Bourque "all that certain tract or parcel of land situated in the said parish and lying on a gully of the Bayou Plaquemine Brulee and containing 640 American acres, together with all its buildings and appurtenances." The instrument bears date the 20th of August, 1811, and was recorded on that day in the conveyance records of St. Landry parish, which then embraced the land in question. The document was not signed by Susanne Bourque nor by any one for her. It bears the signature, Vre. Bourque, and purports to have been "signed in the presence of Geo. King, P. Judge," and two witnesses.

The defendant, in answer to this suit, disavows and repudiates the title acquired by C. C. Duson from Theodore Baronet and Frank Quibodeaux on the 22d of March, 1893, and relies only upon the title emanating from the deed from Valere, or Valiert, Bourque to Susanne Bourque, dated the 20th of August, 1811; that is, the title acquired by Duson from the heirs of Charles Bourque on the 24th of April, 1893.

If the defendant depended upon the title acquired from the plaintiffs' father on the 22d of March, 1893, purporting to convey to him a half interest in the property, the plaintiffs would have title to the fourth interest claimed by them, provided the tax sale to Joseph J. Beauchamp, dated the 2d of October, 1871, was valid, because the plaintiffs' father had no authority to sell the fourth interest which they had inherited from their mother.

The defendant pleads that the tax sale to Beauchamp was null, on the grounds: (1) That the assessment and sale for taxes should have been made in the name of the owner of the property; (2) in the alternative, if the assessment and sale should not have been made in the name of the owner, then that they should have been made in the name of the estate of Valere Bourque, who had died in 1819 and whose succession was opened; and (3) that the tax sale was not preceded by any notice to the heirs of Valere Bourque, nor by any other formalities or requirements of law.

The plaintiffs plead that the defendant is estopped from disputing the validity of the title resulting from the tax sale to Beauchamp, because the defendant acquired three-fourths interest in that title by mesne conveyances from C. C. Duson, who had acquired, under the same tax title before he (Duson) purchased the counterclaims of the heirs of Charles Bourque, a half interest from Frank Quibodeaux and a fourth interest (by the deed purporting to convey a half interest) from Theodore Baronet.

The plaintiffs contend that the title to the

Valere Bourque concession really stood of record in his name at the time it was assessed and sold for taxes, and that the sale was therefore valid. In that connection, they contend that the instrument dated the 20th of August, 1811, purporting to convey title from Valiert Bourque (even assuming that the name was intended for Valere Bourque) was an attempted donation, under article 2464 of the Civil Code, the price, $1, being out of proportion with the value of the property, and that the attempted donation was null because it was not accepted by the donee, as required for its validity by articles 1540, 1542–1544, of the Civil Code. They contend that the instrument did not contain a description sufficient to identify or convey any tract of land, and that it was therefore of no effect, even as a sale. They contend that there was not a sufficient description to identify or convey any tract of land, either in the sale from the succession of Susanne Bourque to Jean Baptiste Figurant or in the sale by him to Charles Bourque. They argue further that neither of the two sales last mentioned affected the right of the assessor to assess the land in the name of its original owner, because the deeds were not recorded in the conveyance records of the parish in which the land was situated.

The plaintiffs also plead the prescription of three years, under article 233 of the Constitution, against the defendant's demand to have the tax sale set aside for any other cause than that of dual assessment or of previous payment of the taxes.

It is well settled that the prescription of three years, under article 233 of the Constitution, cures the invalidity of a sale for taxes assessed in the name of one who did not own the property or who had died before the sale was made.

The defendant contends that the operation of prescription was suspended by the fact that C. C. Duson took possession of the property when he bought it in 1893 and retained possession continuously longer than three years after the adoption of the Constitution of 1898, and that his possession was transferred to each succeeding vendee from him, including the defendant, and has continued to this day. The defendant relies upon the doctrine of the decision in Carey v. Cagney, 109 La. 77, 33 South. 89, and in several later cases, that, if the owner of property sold for taxes remains in actual possession of it, his possession is in continuous conflict with, and is a continuous protest against, the claim arising from the tax sale, and prescription cannot operate as a statute of repose in favor of the holder of the tax title under such circumstances.

The plaintiffs reply that the doctrine of the decision in Carey v. Cagney does not apply to this case, because the only parties who had possession of the property from the date of the tax sale until Duson acquired it were the holders of the title resulting from the tax sale, which title and possession were delivered by them to Duson.

Each of the deeds by which Duson acquired an interest in the title resulting from the tax sale made to J. J. Beauchamp, that is, the deed from Theodore Baronet to Duson and the deed from Frank Quibodeaux to Duson, contains the recital that the vendor warranted only such title as J. J. Beauchamp had acquired by virtue of the sale made to him by the tax collector in 1871 "and of other sales made by the said Beauchamp to the author of the said purchaser in the year 18—." The word "purchaser" evidently refers to Frank Quibodeaux in the one sale and to Theodore Baronet in the other, because they were the purchasers from the heirs of Alexander R. Broussard, to whom Beauchamp had sold the property. Be that as it may, Duson expressed his recognition of the fact that he acquired only the title that had been acquired by Beauchamp by vir-

tue of the sale for taxes assessed to Valere Bourque. It is true that Duson afterwards, perhaps before taking possession of the land, purchased the counterclaim of the heirs of Charles Bourque. But he did not, at any time, repudiate or disavow the tax title that he had acquired from the plaintiffs' father and from Quibodeaux; nor did any one who acquired title from Duson repudiate his tax title, until the defendant repudiated and disavowed it in answer to this suit. Under those circumstances, it cannot be said that Duson took or ever held possession in opposition to the tax title, or that any one claiming from him ever held such adverse possession, before the defendant answered this suit.

The land was open, not cultivated nor occupied by any one, at the time of the tax sale and for many years previous thereto. It was never occupied or used in any way by Charles Bourque or his heirs after the tax sale. Alexander R. Broussard took actual possession of the property in 1885, soon after he had bought it from Beauchamp, the purchaser at the tax sale, and Broussard remained in possession until his death. He died on the property in 1890, and his heirs remained in possession of the land until they sold it to the plaintiffs' father and Frank Quibodeaux. They, in turn, took actual possession from the heirs of Broussard, and retained it until they transferred it to Duson.

The doctrine of the decision in Carey v. Cagney, which the defendant invokes in opposition to the plaintiffs' plea of prescription, has no application to this case, because the possession of Duson was not in conflict with, or a protest against, the title arising from the tax sale. On the contrary, Duson acquired and held possession by virtue of the tax title, and his transferees, including the defendant, held possession by the same title and authority, until the latter repudiated that title in answer to this suit.

Our conclusion is that the defendant's demand to have the tax sale set aside for the causes alleged is barred by the prescription of three years. As the defendant relies solely upon the alleged invalidity of the plaintiffs' tax title, and as the alleged invalidity is cured by the prescription of three years, the plaintiffs are entitled to judgment recognizing their ownership of a fourth interest in the property.

As the district judge, having concluded that the plaintiffs had no interest in the land, had no occasion to consider their demand for a partition, for a fourth of the rents and revenues, or the defendant's counterclaim for improvements and for taxes paid, or his demands in warranty, it is necessary to remand the case to the district court for a trial and decision of the suit for a partition and of the incidental demands.

The judgment appealed from is annulled, and it is now ordered, adjudged and decreed that the plaintiffs be and they are hereby recognized as the owners of a fourth interest in the south half of the tract of land designated as section 38, in T. 9 S., R. 1 W., and section 32, in T. 9 S., R. 2 W., being the Valere Bourque concession B–1108. It is further ordered that this case be remanded to the district court for a trial and decision of the suit for partition, and all incidental demands. The defendant appellee is to pay the costs of this appeal; the costs of the district court are to be disposed of in the final judgment.

PROVOSTY, J., dissents.