(113 So. 140)

No. 26550.

## KIVLEN v. HORVATH.

April 25, 1927.   Rehearing Denied May 23, 1927.

*(Syllabus by Editorial Staff.)*

1. **Taxation**  ⬥⟾658(2)—**Before making tax sale, notice of delinquency and intention to sell must be given owner of record (Const. 1921, art. 10, § 11).**

Before a valid tax sale of property can be made, the owner of record is entitled to notice of delinquency and intention to sell, such owner being the delinquent tax debtor, within the meaning of Const. 1921, art. 10, § 11, requiring giving notice to the delinquent before making the sale.

2. **Taxation**  ⬥⟾658(2)—**Tax sale held void where no notice of delinquency and intention to sell was given owner of record (Act No. 170 of 1898, §§ 50, 51).**

Where the owner of record of property sold for nonpayment of taxes was not given notice of delinquency and intention to sell, tax sale *held* null and void, in view of Act No. 170 of 1898, §§ 50, 51.

3. **Taxation**  ⬥⟾805(4)—**Purchaser under void tax sale cannot gain title by three-year prescription, when owner remains in actual possession (Const. 1921, art. 10, § 11).**

Purchaser at void tax sale cannot gain title to property by the three-year prescription, under Const. 1921, art. 10, § 11, when the owner at the time of sale continues to remain in actual possession, since such possession is a protest against the tax title, relieving the owner from the necessity of attacking purchaser.

4. **Taxation**  ⬥⟾805(4)—**Attack on void tax sale held not barred by three-year prescription, where owner peacefully took possession within three years and held possession until attacking sale (Const. 1921, art. 10, § 11).**

Attack on void tax sale *held* not barred by three-year prescription, under Const. 1921, art. 10, § 11, where person holding from a regular chain of conveyances from the owner at the time of the sale peacefully took possession of the property within three years from the date of the sale and held possession thereof until she attacked the sale.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge.

Suit by Mrs. Mabel A. Kivlen, wife of A. C. Williamson, duly authorized, against Steve Horvath. Judgment for plaintiff, and defendant appeals. Affirmed.

Jose A. Morales, Josiah Gross, and James D. McGovern, all of New Orleans, for appellant.

Guion & Upton and Milling, Godchaux, Saal & Milling, all of New Orleans, for appellee.

OVERTON, J. In 1910, the Louisiana Avenue Realty Company, by deed duly registered, from E. L. Szabary, purchased 40 acres of land, lying in the rear of the city of New Orleans, Szabary at the time being the undisputed owner of the land. The Louisiana Avenue Realty Company, after its acquisition, divided the land into squares and lots, styling the subdivision thus formed the Louisiana Avenue Parkway, and began selling lots therefrom. In 1916, the company sold to the Security Building & Loan Association lot 40 and one-half of lot 39 of square C of the subdivision formed, and attached to the deed a plat, which is referred to therein, which designates the property conveyed with the letter F, though it makes it clear that the property is in square C.

In the year 1917, the Louisiana Avenue Realty Company rendered to the board of assessors for assessment for that year a list of all the property owned by it in the subdivision which it had formed, and also of all the lots in that subdivision which it and its vendees had sold. It returned lot 40 and one-half of lot 39 of square C as the property of T. J. Huff, to whom its vendee, the Security Building & Loan Association, had sold it, and it returned lots 39 and 40 of square F, which includes the property in contest here, as its own property. The board of assessors, however, apparently disregarded the return made, and, it seems, concluded to follow the conveyance records. In doing so, they not only overlooked the transfer from the Security Building & Loan Association to Huff, but, possibly misled by the fact that in the plat, attached to the deed by which the Building & Loan Association acquired the property conveyed to it, the property is designated by the letter F, though it clearly appears from the deed and the plat that the property designated as F is in square C, assessed the Security Building & Loan Association with one-half of lot 39 and lot 40 of square F, when, as a matter of fact, the Security Building & Loan Association at no time owned that property, but once owned one-half of lot 39 and lot 40 of square C, which it had transferred to Huff, and when the Louisiana Avenue Realty Company was still the owner of all of lots 39 and 40 of square F. In other words, the Security Building & Loan Association, instead of the Louisiana Avenue Realty Company, the owner of record, was assessed with one-half of lot 39 and lot 40 of square F.

The Security Building & Loan Association did not pay the city of New Orleans the taxes levied against the one-half of lot 39 and lot 40, assessed in its name, and in 1920 the city sold the property for the taxes of 1917 to J. A. Morales. The tax title acquired by Morales was duly recorded on June 7, 1920, and the property which it purports to convey is now claimed by Steve Horvath, the defendant herein, who asserts title to it under a regular chain of conveyances from the tax purchaser.

On April 13, 1923, nearly three years after the foregoing tax sale was made, the Louisiana Avenue Realty Company sold to Mrs. Mabel A. Kivlen, wife of A. C. Williamson, the plaintiff herein, one-third of lot 39 and lot 40 of square F, which is included in the property sold by the city as the property of the Security Building & Loan Association to Morales for the taxes of 1917.

From the foregoing statement it appears that if Morales acquired a valid title to the property by the tax sale, then defendant, who claims title by a regular chain of conveyances from Morales, has a valid title to the property. However, Mrs. Williamson, who purchased from the Louisiana Avenue Realty Company after the tax sale was made, contends that Morales did not acquire a valid title to the property by the tax sale, and hence that defendant has no title, and has instituted this suit to annul the tax sale.

The grounds alleged for annulling the tax sale consist of three. Only one of these need be noticed. That ground is that no notice of delinquency and intention to sell was given to the Louisiana Avenue Realty Company, the owner of record at the time of the sale.

[1] That the Louisiana Avenue Realty Company was the owner of the property conveyed by the tax sale at the time of the sale, and was then the owner of record, does not admit of dispute. The owner of record is entitled to notice of delinquency and intention to sell, to be given in the manner prescribed by law, before a valid tax sale of his property can be made, whether the property be assessed in the name of the owner or in the name of another. Such owner is the delinquent tax debtor, within the meaning of the constitutional provision requiring the giving of notice to the delinquent before making the sale. Ar-

ticle 233 of Constitutions of 1898 and 1913; Concordia v. Bertron, 46 La. Ann. 358, 15 So. 60; Adolph v. Richardson, 52 La. Ann. 1159, 27 So. 665; Arnold v. Sauer, 143 La. 188, 78 So. 442; Adsit v. Park, 144 La. 934, 81 So. 430.

[2] The owner of record, in this instance, was domiciled in the city of New Orleans, and was entitled to notice by the service of a written or printed notice upon it by delivery of the same to its proper officer or by leaving it at its place of business. Sections 50 and 51 of Act 170 of 1898. However, the evidence clearly shows that the owner was given no notice whatever of delinquency or of the intention to sell. In fact, the inference may be fairly drawn from the record that, if notice was given to any one prior to the sale, it was served on the Security Building & Loan Association, in whose name the property was erroneously assessed. Therefore the tax sale is clearly null and void and should be so decreed, unless the attack upon it on this ground is barred by the prescription of three years, which defendant has pleaded against the attack, under article 233 of the Constitution of 1913, and under section 11 of article 10 of the Constitution of 1921.

[3, 4] The prescription or pre-emption pleaded is not applicable, and hence is of no benefit to the tax purchaser or to those to whom he has sold, when the owner at the time of the sale continues to remain in actual possession of the property, for his remaining in possession is a protest against the tax title and relieves him of the duty of going out to seek his adversary to attack him. Carey v. Cagney, 109 La. 77, 33 So. 89; In re Seim, 111 La. 554, 562, 35 So. 744; Bartley v. Sallier, 118 La. 93, 42 So. 657; Head v. Howcott Land Co., Limited, 119 La. 331, 44 So. 117; Adsit v. Park, 144 La. 934, 81 So. 430. And likewise the prescription or pre-emption is not applicable, for the reason stated above, where, although the owner at the time of the sale was not in actual possession of the property, still either he or one who holds from him by a regular chain of conveyances peacefully takes possession of the property, before the required three years have elapsed, and holds possession thereof until he attacks the sale. The cases of Baronet v. Houssiere, 143 La. 72, 78 So. 242, and Bonvillain v. Richaud, 153 La. 431, 96 So. 21, cited by defendant to show that it is not sufficient for one, who has purchased from the one who was owner at the time the property was offered at tax sale, to take and maintain actual possession of the property before the prescription of three years has accrued, to render the prescription inapplicable, do not support the theory that they are cited to sustain.

In the case at bar, the tax sale was registered or recorded on June 7, 1920. Plaintiff bought the property on April 13, 1923, from the Louisiana Avenue Realty Company, the owner at the time it was offered for sale, and on the following day, acting through her husband, she began to haul material on the property for the construction thereon of a home. Two days later the actual construction of the home commenced. The work was completed on June 14, 1923, and plaintiff and her husband have been occupying the property ever since as their home. Therefore plaintiff took possession of the property adversely to the tax sale before the prescription of three years accrued, and has maintained that possession. Hence the prescription of three years pleaded has not the effect of barring plaintiff's demand.

Our conclusion is that the tax sale is null, and that the attack upon it is not barred by the prescription of three years. We may also add that the fact that defendant and those from whom he bought are purchasers in good faith does affect the questions here considered. So thought the trial judge, with reference to these questions, and he rendered judgment accordingly, and recognized plaintiff as the owner of the property.

The judgment appealed from is affirmed.