No. 3855

**Second Circuit**

———

HUDSON ET AL. v. WHITWORTH ET AL.

———

(November 18, 1931.   Opinion and Decree.)

———

Foster, Hall, Barrett & Smith, of Shreveport, attorneys for plaintiffs, appellants.

Herndon & Herndon, of Shreveport, attorneys for defendants, appellees.

McGREGOR, J.   This is a slander of title suit, converted by the defendants into a petitory action.   The plaintiffs alleged themselves to be the owners of the S. W. ¼ of the S. E. ¼, Section 10, Township 15 North, Range 16 West, basing their ownership on more than forty-five years actual, physical, uninterrupted, and undisturbed possession, and specially pleading the prescription of thirty years acquirendi causa, aver that the defendants are slandering their title by claiming to be the owners of the property.   They pray that the defendants be ordered either to disclaim title to the property, or to assert and establish their rights to it.   In due time, the defendants answered and alleged that they were the real owners of the property, basing their title on a tax deed dated July 7, 1924, and recorded on July 11, 1924, in Book 155, page 668 of the Conveyance Records of Caddo parish, La.   This tax sale was based on an assessment for state and parish taxes for the year 1923, in the name of "W. T. Fortson, Succession."   In sending out the customary notices to the "delinquent tax payers," the sheriff addressed this notice as follows:   W. T. Fortson, Succ'n, Bethany, La.

The registered letter containing the notice was never delivered, but was returned to the sheriff with the notation "unknown" stamped on the envelope.   Without any further effort to notify any one of the intended sale of the property for de-

linquent taxes, the sheriff and tax collector proceeded with the usual advertisements, and accordingly, on June 28, 1924, the property was adjudicated to J. E. Whitworth, husband and father of the defendants, for the state and parish taxes of 1923.

At the time of the tax sale, the plaintiffs were in the actual corporeal possession of the property, and knew nothing of the sale, but presumed that they had paid the taxes. Neither the tax purchaser, during his life, nor the defendants, his surviving widow and children, took any steps to assert ownership of the property by virtue of the tax sale, and plaintiffs continued in open corporeal possession of the property, and farmed it from year to year. It is in evidence that none of the plaintiffs were aware of the tax sale and the pretensions of the defendants to the ownership of the property until a short time before the filing of this suit. As soon as they learned of the tax sale and the claims of the defendants, the plaintiffs filed this jactitation suit, claiming the title to the property under the thirty years' prescription acquirendi causa. The defendants answered and converted the suit into a petitory action by asserting their title and basing it on the tax sale. On trial of the case, the plaintiffs attacked the validity of the tax sale on the ground that no legal notice had been mailed to any one before the sale, as required by law, and, to meet this attack, the defendants filed a plea of prescription of three years, barring any attack on any tax sale after three years for any cause except the previous payment of taxes. Plaintiffs denied the application of this defense of prescription on the ground that they were in the actual, corporeal, and undisputed possession of the property at the time of the alleged tax sale, and had maintained this possession down to the day of the filing of the suit and the trial of the case. The learned judge of the lower court sustained the plea on the theory that, while the Supreme Court had held in numerous cases that this three years' prescription did not apply in cases where the tax debtor remains in possession of the property after the tax sale, in all such cases the tax debtors based their title on written deeds, and not solely on prescription acquirendi causa. There was judgment in favor of the defendants sustaining the plea of prescription and recognizing them as the owners of the property.

---

## ON THE PLEA OF THREE YEARS' PRESCRIPTION

The rule of prescription relied on by the defendants is found in article 10, section 11 of the Constitution of 1921, and reads as follows:

"No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within three years from the date of the recordation of the tax deed, if no notice is given."

A similar provision was contained in section 233 of the Constitution of 1898. In construing and applying this former provision of the Constitution of 1898, the Supreme Court, in the case of Carey v. Cagney, 109 La. 77, 33 So. 89, held definitely:

"There must be a possession, either actual or constructive, on part of the holder of a tax title to render effective in his be-

half the statute of repose embodied in article 233 of the constitution of 1898.

"Where the original owner remains in the actual, corporeal possession of the property, such possession is in continuous conflict with the claim arising under the tax title, and a continuous protest against the same, and it cannot be held, under such circumstances that any prescription operating as a statute of repose runs in favor of the holder of the tax title.

"Where the original owner was in actual possession at the time of the tax sale and so remains in possession, the initiative is not upon him. He stands on his possession against the world; it is a badge of ownership; and no prescription can be held applicable that would operate to deprive him of the right to defend that possession and the title upon which it is predicated.

"While constructive possession springing from a later title deed ousts constructive possession which had been held under an earlier deed, constructive possession can in no case have the effect of ousting actual possession held under an adverse title giving the color of right. One is a fiction of law; the other a tangible fact. The fiction is inoperative as against the fact; the unreal as against the real. The actual possession here referred to means the corporeal detention of the property." (Sections 2, 3, 4 and 5 of the syllabus.)

The interpretation of this provision of the Constitution in this case has become so well settled, and has been reiterated so many times, nothing short of a new declaration in the form of a constitutional amendment could change it. Defendants are forced to admit the correctness of this statement of the law, but they contend that it has no application in cases where the ownership of the property involved in a tax sale is based on thirty years' prescription acquirendi causa. The same objection might be urged in cases where the ownership is based on ten years' prescription. It will be noted in the citations from the Carey v. Cagney case that the party attacking the tax sale is referred to solely as the "original owner," and not as the "record owner." One is just as much the "owner" of property on the basis of thirty years' prescription as he would be if he held a perfect deed. In either case, the title is unassailable. An "owner" who has obtained the "ownership" solely through thirty years' prescription "stands on his possession against the world" just as effectively as any other "owner," if he "was in actual possession at the time of the tax sale and so remains in possession."

Judge Cooley in his work on Taxation, on page 557 of the second edition, divides tax purchasers into three classes, namely: "(1) Those who take actual, corporeal possession of the property under and by virtue of the tax collector's title. (2) Those who buy property not tangibly but only constructively in the possession of the tax debtor, and, themselves, obtain no other possession than the civil or constructive possession which follows the tax collector's title to them and its registry in the conveyance records. (3) Those who buy property which is tangibly and corporeally in the possession of the tax debtor, but who content themselves with merely accepting and recording the tax collector's title, making no effort to dispossess the original owner."

In discussing the first and second of these three classes of tax purchasers, in the case of Ashley Co. v. Bradford, 109 La. 641, 33 So. 634, the court declared that the three years' prescription did protect the tax purchaser against every attack except the payment of taxes; but in the case of Carey v. Cagney, cited above, the tax purchaser falls under the third class, and is not protected by the prescription. The reasoning of the court applies just as strongly in cases of title by prescription as it does

in cases of title by deed. This plea of three years' prescription interposed by the defendants should not have been sustained.

---

## ON THE MERITS

Having disposed of defendants' plea of prescription, it becomes necessary to examine the validity of the tax sale by which defendants claim the ownership of the forty acres of land in controversy. The defendants have assumed the position of plaintiffs in a petitory action. They have set up this tax deed as the sole basis of their title. The plaintiffs in the case, who are in the position of defendants in the petitory action, have attacked the validity of the tax sale, alleging that no legal notice was given by the sheriff before advertising the said property for sale for delinquent taxes. The proof is overwhelming that plaintiffs had been in the actual, corporeal, and undisputed possession of the land for more than forty-five years at the time of the tax sale. This establishes their title to the property, and they were, therefore, the "tax debtors" and under the law were the ones entitled to receive notice of the intended sale for delinquent taxes. In the case of In re Lafferranderie, 114 La. 6, 37 So. 990, it was held:

"A tax sale should be made only after giving notice to the delinquent. The delinquent referred to is the owner actually in possession on the day that proceedings are taken to advertise and sell the property for taxes due thereon."

No pretense is made that any notice was sent to any one of the plaintiffs. Under the plain letter of the law, as stated in the above citation, the plaintiffs and no one else were entitled to receive the notice required by law with reference to the sale of this property for delinquent taxes. The only notice sent was addressed to W. T. Fortson, Succ'n, Bethany, La. Even though, for the sake of the argument, we should concede that the succession of W. T. Fortson should have been notified, the notice sent was wholly insufficient. It should have been addressed one to each of the heirs of W. T. Fortson, or to the administrator of the succession, if there were one. The notice as sent amounts to no notice at all.

Since no notice whatever was sent to the plaintiffs or any of them, who, under the law, were the "delinquent tax debtors," and since even the pretended notice addressed to W. T. Fortson Succ'n amounts to no notice at all, the irresistible conclusion is that the tax sale under which the defendants claim the ownership of the land in controversy is void, and confers no rights on the defendants.

For the reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, avoided and reversed, and it is ordered that the tax sale of the S. W. ¼ of the S. E. ¼, Section 10, Township 15 North, Range 16 West, Caddo parish, La., for taxes of 1923, as recorded in Book 155, page 668 of the Conveyance Records of Caddo parish, be annulled, set aside, and canceled. It is further ordered, adjudged, and decreed that the plea of three years' prescription filed by the defendants be, and the same is hereby, overruled, and that the plaintiffs, Silas H. Hudson, John B. Hudson, Joseph R. Hudson, Harmon Hudson, Norman Hudson, Mrs. Emma Hudson Ingram, and Mrs. Mattie Hudson Hall, be, and they are hereby, recognized as the true and lawful owners of the said property. It is further ordered that the defendants pay all costs in both courts.