CULPEPPER, Judge.
The plaintiffs, Wilbert Berry and his wife, Loris Berry, filed this suit to quiet their tax title under LSA-R.S. 47:2228. The defendant is Grover Captain, record owner of the property at the time of its assessment for taxes for the year 1970. Captain filed an answer, stating that although he owned the property in 1970, he no longer owns it. Russell Jackson filed an intervention, contending that he was the owner of the property at the time this suit was filed on September 8,1976, having purchased the same from Securities Investment Company on May 29, 1971. Jackson filed a third party demand against Securities, based on their warranty of title to him. Securities answered the third party demand, alleging that it acquired the property from William S. Buchert, Trustee in Bankruptcy of Grover Captain, by deed dated March 9, 1971 and recorded in the conveyance records of Allen Parish on March 18, 1971. Securities alleged that Jackson’s title is good and that plaintiffs’ tax title is invalid, because Jackson has been in possession of the property since May of 1971, thereby preventing the running of the five years’ peremptory period for attacking tax sales, and because the tax sale is invalid for the reason that no notice of the delinquent taxes for the year 1970 or the tax sale was given to Securities Investment Company, the record owner at the time of the tax sale on June 2, 1971.
The district judge held that the five-year peremptive period within which tax sales can be attacked had run, and that plaintiffs’ tax title is good. In the third party demand, the judge awarded Jackson damages totaling $6,930 against Securities Investment Company for breach of warranty. Securities Investment Company appealed. Russell Jackson did not appeal or answer the appeal.
The substantial issues are: (1) Was the five-year peremptive period interrupted or suspended by the corporeal possession of Russell Jackson? (2) Was the tax sale defective?
The facts were stipulated by agreement of the parties. The essential facts are that prior to November 27, 1970 Grover Captain was record owner of the property in question, a house and lot in Oberlin. On that date, Grover Captain was adjudged bankrupt, and William S. Buchert was named trustee of his estate. Mr. Buchert did not record notice of the bankruptcy in the public records of Allen Parish.
Securities Investment Company held a mortgage on the property, filed August 8, 1966. Through foreclosure proceedings conducted with the trustee in bankruptcy, Securities became owner of the property by an instrument dated March 9, 1971 and recorded in Allen Parish on March 18,1971. Securities sold the property to Russell Jackson by a deed dated May 29, 1971 and recorded in Allen Parish on June 18, 1971. Russell Jackson actually resided on and corporeally possessed the property from June 19, 1971 to the date this suit was filed on September 8, 1976.
Since the property taxes assessed to Grover Captain for the calendar year 1970 were not paid, the property was advertised and sold at tax sale to the plaintiff, Wilbert Berry. This sale took place on June 2,1971, and was recorded on June 10, 1971.
No notice of the delinquency of the 1970 taxes or of the tax sale was given by the Allen Parish Tax Collector or other parties to either William Buchert, Securities Investment or Russell Jackson.
The first issue is whether the trial judge was correct in finding the five-year constitutional peremption prevents attack *653 on the tax sale. LSA-Const.1921, Article 10, Section 11 provides in part:
“No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption shall have expired and within five years from the date of the recordation of the tax deed, if no notice is given.”
In addition to the exception to the five-year peremptive period contained in the above quoted portion of the Constitution of 1921, i. e., proof of payment of taxes, jurisprudence has established two other exceptions: (1) where the tax debtor remains in continuous corporeal possession of the property, and (2) where there was no assessment of the property. Gulotta v. Cutshaw, 283 So.2d 482 (S.Ct.1973) and Verret v. Norwood, 311 So.2d 86 (3rd Cir. 1975).
In the trial court and in his brief filed in the Court of Appeal, plaintiff argued that the corporeal possession required to prevent the running of the five-year peremptive period must be by the tax debtor himself, in this case Grover Captain, and that possession by a successor in title to the tax debtor, in this case Russell Jackson, is not sufficient. However, during oral argument in this court, counsel for the plaintiff conceded jurisprudence has established the rule that possession by a successor in title to the original tax debtor is sufficient to prevent the running of the five-year peremptive period. This is clearly correct. See Kivlen v. Horvath, 163 La. 901, 113 So. 140 (1927). In the present case, Russell Jackson is the successor in title to the original tax debtor, Grover Captain, and Russell Jackson has admittedly been in corporeal possession of the property since June 19, 1971. Therefore, the five-year peremptive period has not run and the tax sale is subject to attack for defects.
The next question is whether the tax sale was defective. The record shows that when the tax rolls for the year 1970 were filed on some date prior to January 2, 1971, Grover Captain was the record owner of the property in question. However, by the date of the tax sale on June 2, 1971, Securities Investment Company was the record owner. There is no stipulation or proof as to whether Grover Captain received a notice of the delinquent taxes. However, it is stipulated that neither the trustee in bankruptcy, Mr. Buchert, nor Securities Investment Company, nor Russell Jackson received any notice of the delinquent taxes or of the tax sale.
Plaintiffs argue that notice must be sent only to the record owner at the time of the assessment. Although there is no stipulation or proof as to whether Grover Captain received notice, plaintiffs contend that defendants had the burden of proving such lack of notice as a defect in the sale and failed to do so.
Defendants argue that where the record owner at the time of the assessment is not the same as the owner at the time of the tax sale, there must be notice to the record owner at the time of the sale. We find the established jurisprudence supports defendants’ position. The delinquent tax debtor to whom notice must be given under LSA-La.Const. of 1921, Article 10, Section 11, is the record owner at the time of the advertisement and sale of the property.
In Kivlen v. Horvath, 163 La. 901, 113 So. 140 (1927), our Supreme Court held:
“That the Louisiana Avenue Realty Company was the owner of the property conveyed by the tax sale at the time of the sale, and was then the owner of record, does not admit of dispute. The owner of record is entitled to notice of delinquency and intention to sell, to be given in the manner prescribed by law, before a valid tax sale of his property can be made, whether the property be assessed in the name of the owner or in the name of another. Such owner is the delinquent tax debtor, within the meaning of the constitutional provision requiring the giving of notice to the delinquent before making the sale. Article 233 of Constitutions of 1898 and 1913; Concordia v. Ber *654 tron, 46 La.Ann. 358, 15 So.2d 60; Adolph v. Richardson, 52 La.Ann. 1159, 27 So. 665; Arnold v. Sauer, 143 La. 188, 78 So. 442; Adsit v. Park, 144 La. 934, 81 So. 430.”
In Esso Standard Oil Company v. Jordan, 231 La. 594, 92 So.2d 377 (1957) the Court held:
“It has long been the recognized jurisprudence of this state that the delinquent tax debtor to whom notice of delinquency must be given is the last record owner, the only one entitled thereto. Griffing v. Taft, 151 La. 442, 91 So. 832; Kivlen v. Horvath, 163 La. 901, 113 So. 140; Spears v. Spears, supra.”
In Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818 (1950) the Court stated:
“In the case of Martin v. Serice, 200 La. 556, 8 So.2d 538, this court again stated that the notice of the tax delinquency must be served on the owner of record at the time of the advertisement and sale of the property.”
Applying this rule to the present case, the record owner at the time of the advertisement and tax sale was Securities Investment Company, and it did not receive no-ticé. Therefore, the tax sale is null and void.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the third party defendant and intervenor, Securities Investment Company, and against the plaintiffs, Wilbert Berry and Loris Berry, dismissing plaintiffs’ suit at their costs. It is further ordered, adjudged and decreed that there be judgment herein in favor of Securities Investment Company and against the plaintiffs, Wilbert Berry and Loris Berry, declaring null and void and erasing from the public records of Allen Parish, Louisiana that certain tax sale to Wilbert Berry and Loris Berry dated June 2, 1971 and recorded on June 10, 1971 in Conveyance Book 176, page 440 of the records of Allen Parish, Louisiana conveying property described as: Lot 11 of Block A of the Clarkston Addition to the town of Oberlin, Allen Parish, Louisiana, together with all buildings and improvements thereon. It is further ordered, adjudged and decreed that there be judgment herein in favor of the third party defendant, Securities Investment Company, and against the third party plaintiff, Russell Jackson, rejecting the third party demand. All costs in the trial court, as well as the costs of this appeal, are assessed against the plaintiffs.
REVERSED AND RENDERED.