LEMMON, Justice,
dissenting.
Although the prescription problem in the present case is not a frequent occurrence, the majority has created an imprudent exception to the general rules of interruption of prescription by holding that prescription is interrupted when a poor widow is able to convince the trier of fact that she made a verbal, nonjudicial claim against the succession of her relatively rich husband within the prescriptive period.[1] One would hope that this exception will not be extended beyond cases involving the marital portion.
Under La.C.C. art. 2436, the period of liberative prescription for the surviving spouse’s right to claim the marital portion is three years, and prescription accrues from the date of the deceased spouse’s death. The question in this case is whether the prescriptive period was interrupted or suspended. prior to this suit, which was filed by the surviving spouse more than three years after her husband’s death.
Title XXIV of Book III of the Civil Code provides relative to prescription, and Chapter 2 thereof provides relative to interruption and suspension of prescription. Prescription is interrupted under La.C.C. art. 3462 when the obligee files suit against the obligor (or upon service under certain circumstances). The only other codal method of interrupting prescription is by acknowl-edgement, and this record, while containing evidence that the heirs realized there was considerable substance to the surviving spouse’s claim, falls far short of establishing acknowledgement sufficient to interrupt prescription.
Prescription may be suspended in favor of certain persons, but only when an exception is established by legislation. La.C.C. art. 3468-69. There does not appear to be an exception applicable in this case.
Finally, the doctrine of contra non va-lentem agere nulla currit praescriptio is not applicable here. At no time was the surviving spouse unable to file suit, and never was she lulled into reasonably believing that filing suit was unnecessary.
In the cases cited by the majority opinion, various methods of asserting the claim were approved, but in every case the claim was asserted by some type of judicial action. Here, the surviving spouse did not necessarily have to file a separate action, but could simply have filed her claim in the succession proceeding against the provisional administrator, who was appointed less than one year after the deceased spouse's death. Compare Succession of Tacón, 186 La. 418, 172 So. 513 (1937). Inasmuch as no claim of any kind was judicially asserted within the prescriptive period so as to interrupt prescription, the judgments of the lower courts should be affirmed.

. A more justifiable exception might have been created on the basis that prescription did not run on the surviving spouse's claim as long as she remained in possession of the succession property from which the marital portion would be taken. Compare Kivlen v. Horvath, 163 La. 901, 113 So. 140 (1927), which held that prescription on the right to attack a tax sale does not run as long as the owner-tax debtor remains in possession of the property.