(38 South. 282.)

No. 15,378.

LISSO & BRO. v. UNKNOWN OWNER et al.

(March 13, 1905.)

### TAX TITLE—SUIT TO QUIET—DEFENSES.

1. Where the former owner, who is brought into court under Act No. 101 of 1898, in an action to quiet a tax title, prima facie valid, makes no attack thereon, such title becomes conclusively valid, and should be quieted.

2. Where a defendant, not the former owner, who is brought into court under Act No. 101, p. 127, of 1898, in an action to quiet a tax title prima facie valid, has in bad faith, and under a mere pretense of title, acquired possession of the property at a date subsequent to the registry, and with knowledge, of the tax title, he has no standing to sue for the nullity of such title, and it should be quieted.

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Red River; Charles Vernon Porter, Judge.

Action by Lisso & Bro. against an unknown owner and J. B. West. Judgment for plaintiffs, and defendant West appeals. Modified.

Alexander & Wilkinson, for appellant. Scheen & Stephens, for appellees Lisso and Bro. Edwin Harold Carter, curator ad hoc for appellee Unknown Owner.

### Statement.

MONROE, J. Plaintiffs brought this suit in June, 1903, to quiet a tax title to certain land in the parish of Red River, consisting of Lot 4 of Sec. 20, Lot 13 of Sec. 17, and Lots 12 and 13 of Sec. 29, all of T. 14, R. 11, which was assessed to unknown owners, and upon June 26, 1897, adjudicated to plaintiffs for the unpaid taxes of 1893, 1894, 1895, 1896. Upon their allegations to the effect that the owners are unknown, and that J. B. West, a resident of Mississippi, asserts ownership to part of the land, a curator ad hoc was appointed and duly cited. Thereafter West appeared by counsel, and alleging that

he acquired the property in 1898 from J. W. Copeland, and took and has retained actual possession thereof, attacks the title set up by plaintiffs on the ground that same is absolutely null, "for this, to wit, (1) that the land was not legally assessed * * * on a supplemental roll, * * * nor was said property separately valued; (2) that no legal certificate was made by the tax collector that notice had been given the unknown owner, as required by law, nor was such notice of delinquency given; (3) because more property was attempted to be sold than was advertised or assessed; * * * (4) that the land sold for less than the taxes, interest, and costs; * * * (5) that the least quantity of said property was not offered." Defendant further alleges that he has cleared and put in cultivation part of the land, at a cost of $25 per acre, and has built a house thereon, at a cost of $200, for which disbursements he should have judgment in case of eviction.

The curator ad hoc pleads the general issue, and the plaintiffs plead the prescription of two and three years, as against the attack upon the title set up by them.

The evidence shows that Lots 4 of Sec. 20 and 13 of Sec. 17 upon the one hand, and Lots 12 and 13 of Sec. 29 on the other, are contiguous, and that the two tracts thus respectively constituted are about two miles apart; and, quoting from the record, "it is admitted that both these tracts were entered by Hunter & Vance [Thos. Hunter and J. W. Vance] about 1853. It is admitted that for the year 1896 the parish of Red River levied a parish tax of 6 mills, and a school tax of 1 mill. It is further admitted that $480 valuation is the total of the valuation for all the years for which the land was sold." It further appears from the evidence that on December 6, 1862, Hunter sold his interest in Lots 12 and 13 of Sec. 29 to Vance; that in November, 1869, certain lands, not, however, including either of the tracts here in dispute,

were sold by order of court in the succession of J. W. Vance, and purchased by J. H. Vance; that in March, 1882, J. H. Vance sold the lands so acquired by him to Sallie Godbold, who in October, 1885, sold them to J. W. Copeland. It further appears that in August, 1897, Copeland executed a power of attorney authorizing J. F. Pierson to sell certain lands, including Lot 4 of Sec. 20 (to which no pretense of title in him is shown), but not including any other tract here in dispute; that by act of date July 18, 1898, Pierson sold the land specified in said power of attorney, with the exception of Lots 1, 2, 3, 4, of Sec. 20, to J. B. West; and that on August 28, 1898, without additional authority, so far as appears, he executed another act, which reads, in part, as follows: "Personally came * * * Frank J. Pierson, agent and attorney in fact of J. W. Copeland, * * * who stated * * * that, for the purpose of correcting the description of the land sold and conveyed by him for his said principal to Joseph B. West, * * * on the 18th day of July, 1898, * * * he appeared and declared that a true and correct description of said land is as follows;" and then follows a description from which Lot 4 of Sec. 20, which is mentioned in the power of attorney to Pierson, is omitted, and in which Lots 12 and 13 of Sec. 29, which are not so mentioned, are included; and the sale is so made to West "without any warranty of title at all, and without any obligation on the part" of 'the vendor "to return the purchase price in case of eviction." The tax deed exhibited by the plaintiffs recites, among other things, that "after due and legal advertisement posted and personal notice, and after full compliance with all legal delays, * * * and the taxes thereon not having been paid," the tax collector "did advertise in the Coushatta Citizen, a weekly newspaper published in the town of Coushatta, La., * * * the following described property, to wit: 100 acres,

more or less, being Lot 4, Sec. 20, Lot 13, Sec. 17, Lots 12 and 13, Sec. 29, T. 14, R. 11, assessed to unknown owner for the year 1896, to pay and satisfy the taxes due thereon, with interest and costs added, to wit, taxes for 1893, 1894, 1895, and 1896; state taxes, $2.88; parish tax, $2.88; school tax, 48c.; costs, $10; total, $16.86." Said property having been advertised for more than 30 clear days, the tax collector "did, on the 26th day of June, 1897, offer for sale at public auction, to the last and highest bidder, the least quantity of the above-described property that any bidder would buy for the amount of taxes, interest, and costs due by said tax debtor on said property."

The preliminary notice referred to, published in the Coushatta Citizen, April 17–24, 1897, reads:

"Tax Notice.

"To Unknown Owners of Land Situated in Red River Parish, La.

"You are hereby notified that the taxes for 1896 and previous years are now due and unpaid, and, if not paid in twenty days from notice hereof, I will proceed to seize and sell to satisfy the same and all costs, as required by law, to wit:

"Entered by Hunter & Vance.

"160 acres: Lot 4 of Sec. 20, Lot 13 of Sec. 17, Lots 12 and 13 of Sec. 29, T. 14, R. 11. Taxes for three years."

In the advertisement published in the same paper from May 22 to June 26, 1897, the tax debtor is referred to as "Unknown Owner: Entered by Hunter & Vance;" and the tracts, though designated by the subdivisions already mentioned, are further described as containing 100 acres. The assessor testifies that though the roll upon which the assessment was made bears upon its face, in red ink, the word "Supplemental," it was, in fact, supplemental only in the sense that it was an additional sheet added to those constituting the regular roll, which had been filled.

There has been no attempt to controvert,

by proof, any of the recitals of the tax deed. notice, or advertisement, and it is shown that a survey and plat were made for the defendant West, showing the land in question as belonging to plaintiffs, and that the clearing and improvements referred to in his answer were made by him on Lots 12 and 13 of Sec. 29 (of which tract only he appears to have taken possession), after his alleged purchase and after said survey. It is not shown or pretended that any one was in actual possession of the property in question at the date of the tax sale, or within a year from the date of its registry. It is shown that after his alleged purchase the defendant West expended approximately $90 in cutting timber and clearing land, and $150 in building a house. There was judgment for plaintiffs quieting their title, and for defendant West allowing him $220 for his disbursements. West has appealed, and the plaintiffs have answered, praying that the judgment be amended by rejecting the reconventional demand in toto.

Opinion.

Article 233 of the Constitution provides that:

"No sale of property for taxes shall be set aside for any cause except on proof of dual assessment or of payment of taxes, for which the property was sold, prior to the date of the sale, unless the proceeding to annul is instituted within six months from service of notice of sale, which notice shall not be served until the time of redemption has expired, or within three years from the adoption of the Constitution, as to sales already made, and within three years from the date of recordation of the tax deed, as to sales made hereafter, if no notice be given. The manner of notice and form of proceeding to quiet tax titles shall be provided by law."

Act No. 101, p. 127, of 1898, was adopted in conformity to the command thus expressed, and it authorizes the tax purchaser, after the lapse of 12 months from the registry, to bring suit for the quieting of his title, and provides (section 1) that he shall thereby notify the former proprietor that the tax ti-

tle will be confirmed unless a proceeding to annul the same be instituted within six months; that, if the former proprietor be a nonresident or unknown, a curator ad hoc may be appointed to represent him; that if, after the lapse of six months from the service of citation, no proceeding to annul shall have been instituted, the tax title shall be confirmed; (section 2) that the former owners of different tracts may be made defendants in the same suit; and (section 3) that in all cases where tax title shall have been quieted by prescription of three years, as set out in said article 233, the purchaser or his assignee may, if he so desires, obtain a judgment of the court confirming said title, same to be done by suit, in the same manner and form as above set out, except that the delay for answer shall be ten days instead of six months.

Considering this law, constitutional and statutory, and applying it to the facts which have been found, we discover no sufficient reason for holding either that this suit has not been well brought by the plaintiffs, or that the attack which the defendant West makes upon the title sought to be quieted should be successful.

The law authorizes the suit to be brought against an unknown owner through a curator ad hoc, and it was so brought. The curator ad hoc makes no attack upon the title, and offers no proof, and was entitled to offer none, in support of such attack. As to him, therefore, the title from being prima facie becomes conclusively valid. J. B. West had no title to the property when it was assessed and sold for taxes, and has acquired none since. He is therefore a mere possessor in bad faith (occupying part of Lots 12 and 13 of Sec. 29), and has no standing in court for the purposes of an attack upon a title prima facie valid. Schwenck v. Schwenck, 52 La. Ann. 243, 26 South. 859; Jackson v. Mixon, 110 La. 581, 34 South. 695. Under these circumstances he is not entitled to recover for clearing land, or for improvements which can be removed, unless the plaintiffs elect to retain them. Voiers v. Atkins Bros., 113 La. 303, 36 South. 984.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount to be allowed to the defendant West from $220 to $150, and by decreeing him entitled to said $150 only in the event that within 60 days from that upon which this judgment shall have become final the plaintiff shall elect to retain the building which has been constructed by him on some part of the property in controversy. It is further adjudged and decreed that, in all other respects said judgment be affirmed, the defendant West to pay the costs of the appeal.