On the Merits.
O’NIELL, J.
This is an action to confirm a tax title, under the provisions of Act No. 101 of 1898. The plaintiffs are the heirs at law of Mrs. N. A. Scheen, the purchaser at the tax sale. The defendant® are the heirs at law of W. L. I-Iain and his wife, Mrs. Aurora Michamps Hain, the former owners of the property.
The tax sale sought to be confirmed was made on the 13th of April, 1882, and recorded on the dext following day. This suit was filed on the 10th of April, 1915, and citation was served on the defendants on the 15th and 16th days of that month; that is, more than 33 years after the recording of the tax sale. Conceding that the defendants and their ancestors remained continuously in possession of the property from a date prior to the adjudication for taxes, up to the time of the institution of this suit, the plaintiffs do not claim the benefit of the three-year prescription provided in article 233 of the Constitution, but bring their suit under section 1 of Act No. 101 of 1898. In answer to the suit, the defendants set up a reconventional demand to have the tax sale declared null for various reasons, mainly that the taxes for which the property was sold, the taxes for 1881, were assessed to W. L. Hain and paid by him before the day of the adjudication. Judgment was rendered in favor of the defendants, declaring the tax sale null, and dismissing the plaintiff’s suit. The plaintiffs prosecute this appeal.
[2,3] It is admitted that the property in question was assessed to W. L. Hain for the years 1879, 1880, 1881, and 1882, and that the taxes were paid thereon. On the trial, the defendants produced and filed in evidence two tax receipts, which were found among the papers of W. L. Hain, dated the 31st of March, 1882. One is for the state taxes for 1881, and the other is for the parish taxes for that year, on the property in contest, assessed in the name of W. L. Hain. The total amount of the state and parish taxes corresponds exactly with the amount stated in the tax deed on which this suit is based. It appears, therefore, that the taxes for which the property was sold were paid 14 days before the adjudication was made. When the tax receipts were offered in evidence, the plaintiffs’ counsel urged the objection that they should not be admitted in evidence un *609 til the genuineness of the signature of the deputy tax collector appearing on them should be proven. The genuineness of the signature was proven by a witness familiar with the signature of the officer. No objection was urged as to the correctness of the date of the instruments, or that it was necessary to prove the date before their introduction in evidence. There was written across each tax receipt, in red ink, the statement: “Sold to Mrs. N. A. Scheen.” There is no evidence in the record as to who wrote that memorandum on the tax receipts. As a matter of fact, the property was not- sold to Mrs. N. A. Scheen until 14 days after the date of the tax receipts. Hence the learned counsel for the plaintiffs say in their brief there is something inexplicable about these receipts. Their contention is that, although the receipts are dated 14 days before the date of the adjudication for taxes, the taxes were in fact paid after the adjudication. The defendants contend that, if it is to be presumed that the tax receipts were issued after the adjudication was made, merely because some one wrote the memorandum across the receipts, “Sold to Mrs. N. a. Scheen,” it must also be presumed that Mrs. Scheen did not pay the taxes for the property, or that she was reimbursed with the amount paid to the tax collector by W. L. Hain. In support of that contention they rely upon the following facts, which were admitted by the plaintiffs’ counsel on the trial of this case, viz.: The plaintiffs, or their ancestors, have not paid any taxes on the property in dispute, have never had possession of it, nor asserted any claim to it, nor demanded possession of it, during the 33 years from the date of the tax sale to the filing of this suit. The defendants and their ancestors have had physical possession of the property, have cultivated every year about 100 acres of the land (that is, all that was cleared), and have paid the taxes regularly on all of the property every year from a date prior to the tax sale until the trial of this suit. The property was not of much value until a short time before the filing of the suit, when, through the defendants’ operations, mineral oil and gas were discovered on the land.
It is impossible for the defendants to explain the memorandum on the tax receipts, “Sold to Mrs. N. A. Scheen,” because Mr. and Mrs. W. L. Hain, Mrs. N. A. Scheen, and the tax collector are dead, and the deputy tax collector who signed the tax receipt had been absent from the state of Louisiana 20 years when this suit was filed. Under these circumstances, the presumption is either that the memorandum was written on the tax receipts by some unauthorized person, 14 days or longer after the receipts were issued, or that Mrs. Scheen did not pay or was reimbursed the amount of the taxes. It is not only probable, but quite certain, that the reason why Mrs. Scheen and her heirs did not assert any claim to this property during the 33 years after the date of the tax sale is that she and her heirs were aware that she had no title—either because the taxes were paid before the adjudication, as disclosed from the date of the tax receipt, or because she did not pay or was reimbursed the amount of the taxes. The law looks with disfavor upon a stale claim of ownership of land based on a tax title. See Slattery v. Heilperin and Leonard, 110 La. 86, 34 South. 139, and Head v. Howcott Land Co., 119 La. 331, 44 South. 117.
The record discloses that the principal part of the land described in the tax deed belonged to Mrs. Aurora Michamps Hain, who was separate in property from her husband, at the time of the assessment and sale for taxes in the name of her husband, and that only a comparatively small part of the land belonged to him. But that does not aid the plaintiffs in this case. The payment of the taxes previous to the adjudication renders the tax sale absolutely null, even though the payment was made by one who was not the *611 owner of the property and even though the assessment contained an imperfect description. See Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Booksh v. Wilbert Sons Lumber Co., 115 La. 351, 39 South. 9; Bernstine v. Leeper, 118 La. 1098, 43 South. 889; Louisiana Land Co. v. Blakewood, 131 La. 539, 59 South. 984.
The plaintiffs’ counsel objected to the defendants’ asserting the nullity of the tax title as a defense to this suit. They contend that the action of nullity should have been urged in a separate suit. The rule of pleading in answer to an action to confirm or quiet a tax title, is stated in 37 Cyc. 1488, and is supported by decisions from almost every state in the Union, as follows, viz.:
“Where a tax purchaser sues for possession or to confirm or quiet his title, he, of course, puts that title in issue, and the original owner may avail himself, by way -of defense, of any matters sufficient to overthrow the tax title, such as the nonliability of the land to taxation, the previous payment of the taxes, jurisdictional defects in the prior proceedings, or fatal irregularities in the tax sale.”
Among the decisions cited in the footnotes under the foregoing quotation are Harris v. Natalbany Lumber Co., 119 La. 978, 44 South. 807; Doullut v. Smith, 117 La. 491, 41 South. 918; Lisso v. Unknown Owner, 114 La. 392, 38 South. 282; Boagni v. Pacific Imp. Co., 111 La. 1063, 36 South. 129.
The judgment appealed from is affirmed at the cost of the appellant.