(123 So. 618)

No. 29760.

### FEDERICO et al. v. NUNEZ et al.

June 17, 1929.    On Application for Rehearing July 8, 1929.

Delvaille H. Theard and W. W. Wall, both of New Orleans, for appellants.

Emmet Alpha, of New Orleans, for appellees.

BRUNOT, J. Plaintiffs style their suit a possessory action. Defendants consider it a suit in jactitation or slander of title, which, in their answer, they converted into a petitory action by asserting their ownership of the property under a tax title. Defendants thereafter excepted to the petition as not disclosing a cause of action for possession of the property, for the apparent reason that the petition alleges that plaintiffs had actual possession of it, and it did not allege that defendants, or either of them, had intruded upon the property. This exception was referred to the merits. Thereupon plaintiffs' counsel prayed for oyer of defendants' title, and, in response to this prayer, defendants filed their tax deed.

When the case was called for trial, the defendants, as plaintiffs in the petitory action, assumed the initiative. They offered in evidence the petition, the answer, the exception of no cause of action, the minutes of the court of July 7, 1927, the certified copy of their tax deed, and filed a plea of six months' and three years' pre-emption. Mr. Joseph Killeen was then called to the stand as a witness for the plaintiffs. He testified that he was an employee of the Federico Macaroni Manufacturing Company, Inc., from 1922 to 1925. At this point in his testimony the following objection was made, viz.:

"Counsel for defendants objects to any evidence being introduced by plaintiff for any purpose whatsoever. We will agree, however to facilitate this witness in his return to the city that his testimony be now taken, with the reservation of our right to renew the objection after he is gone."

Testifying subject to the foregoing objection and reservation, the witness identified a document which was handed to him as a copy of a letter he had written to the tax collector of St. Bernard parish, and he testified that the tax collector had answered that letter. The letter is as follows:

"February 23, 1923.

"Parish Tax Collector St. Bernard Parish, Arabi, La. Dear Sir: We own a piece of property in Angela Avenue, St. Bernard Parish, standing in the name of L. Federico. Will you kindly do us the favor to let us know when the parish taxes are due on this piece of property and in what amount?

"Yours very truly, The Federico Macaroni Mfg. Co. Inc."

The record does not show that the court ruled on defendants' objection to testimony tendered by the plaintiffs, nor does it show that plaintiffs tendered any testimony other than that given by Mr. Killeen, as noted

supra. The judge, however, in his reasons for judgment, says: "The plaintiff then called a witness, and the defendants objected to the introduction of the character of evidence the witness was about to give on the ground that it was not evidence tending toward the proof of the payment of taxes upon the property in controversy, previous to its sale by the sheriff for delinquent taxes."

Plaintiffs' counsel contends that all evidence tendered by him was excluded. Defendants' counsel does not question this statement. The trial judge says that evidence was offered, and there is nothing in the record to show that any evidence for plaintiffs except as noted supra, was admitted. We therefore conclude that plaintiffs' counsel is correct, and that the court excluded all of plaintiffs' testimony.

█ The case was then argued and submitted, and judgment was rendered in favor of the defendants, recognizing defendants as the true and lawful owners of the property involved in the proportion of two-thirds to A. S. Nunez and one-third to A. P. Perrin; denying inquiry into any invalidity existing in the proceedings leading up to the adjudication of the property at tax sale; and sustaining the plea of six months' pre-emption. Plaintiffs perfected a devolutive appeal from the judgment, but, upon a rule being served upon them to show cause why the amount of the appeal bond should not be increased, they perfected a suspensive appeal therefrom. Defendants have answered the appeal, and pray that the judgment be amended by also sustaining their plea of three years' pre-emption, and, as thus amended, that it be affirmed. A careful reading of the petition has led us to the conclusion that plaintiffs' suit is one in jactitation or slander of title. The petition alleges the following:

"That your petitioners on information and belief aver that the said defendants have up to the present time continued to slander your petitioners' title to said property.

"That your petitioners had the real and actual possession of the said property at the time when the said disturbance and slander occurred, and that your petitioners have had possession of the said premises up to the present time, and are now in possession thereof; and that your petitioners have had possession of the said property quietly and without interruption, by virtue of their title above set forth, for more than one year previous to their being disturbed, as aforesaid."

As we have found the suit to be one in slander of title, defendants could properly, and did, convert it into a petitory action. As defendants' exception of no cause of action is predicated upon plaintiffs' contention that the suit is a possessory action, and, as we have found that it is a jactitation suit, the exception is without merit, and it is therefore overruled. After converting the suit into a petitory action, defendants proceeded, in a manner not authorized by Act No. 101 of 1898, to obtain a judgment quieting their tax title, and the judgment appealed from sustains that process. The judge's reasons for so holding are as follows:

"A defendant who answers clearly and leaves nothing untold to his adversary upon which that adversary must depend to succeed, has done his full duty to that adversary and the court; and if, as in this proceeding, were told everything about the tax title, which dispensed them from the necessity of going to the records to read what it said; and if that was told after the year of redemption, giving the date when that redemption expired upon the face of the papers; and if the law had told them twenty-nine years before that time, what the consequences would be if they did not attack the tax title therein

referred to, within six months from that notification, it should not make the least difference what the form of action carrying that notification, might be called."

It has been held that a defendant in a petitory action may properly set up the tax title under which he claims, and may plead the prescription of three years, Prater v. Craighead, 118 La. 627, 43 So. 258, but we have not found a case in the books which, in a jactitation suit, authorizes a deviation from the procedure provided by Act No. 101 of 1898 for the confirmation of tax titles. The defendants converted this suit into a petitory action, and in this converted suit have succeeded in excluding all of plaintiffs' testimony and in having their tax title confirmed without notice to the plaintiffs, as required by the act. In the case of Wiener v. Scordino, 157 La. p. 804, 103 So. 160, this court said:

"As we have seen, both the Constitutions of 1898 and 1913 left it to the Legislature to provide the 'manner of notice' to be given to one whose property has been sold at tax sale, upon the giving of which notice the running of the six months' prescription depends; and, in our view, the foregoing requirements, quoted from the Act of 1898, constitute the notice contemplated by the Constitutions cited. The Legislature has provided no other notice. If notice which fails to comply with those requirements is given, it is 'virtually the same, because of such failure, as if no notice had been given at all; and, at least, in the absence of a judgment quieting the tax title, which, in effect, would be a judgment holding that the law had been complied with, it cannot be said, or held, that the six months' prescription has accrued."

We think that the plaintiffs are entitled to their day in court and to due process of law before their rights can be properly deter-

mined. For these reasons, the judgment appealed from is avoided, and the case is remanded to be proceeded with according to law; the costs of this appeal to be paid by appellees.

On Application for Rehearing.

PER CURIAM. We see nothing to add to our ruling on the six months' prescription under the Act of 1898. We did not consider the three years' constitutional prescription, because there were no facts in the record sufficient to enable us to do so. That question remains open for further action by the trial court.

Rehearing refused.