GRISBAUM, Judge.
In this succession matter, the appellant, Carol S. Blythe, is appealing the August 13, 1990 judgment from the trial court which ruled that (1) she is liable for the ad valorem taxes incurred on the real property in the succession since February 1982, (2) the trust stated in “Item 3rd” of the will contained a prohibitive substitution and therefore was null, and (3) she is not entitled to a reduction in the amount of security she must post as usufructuary. We set *1208 aside in part, amend in part, and affirm as amended.
FACTS
This appeal arises out of an eight-and-one-half-year-succession dispute. Donald F. Blythe died testate on February 22, 1982. Thereafter, on September 2, 1982, Diana Blythe, decedent’s daughter, filed suit contesting the validity of decedent’s will. Following protracted litigation, judgment was rendered on January 12, 1984. Subsequently, a limited new trial was granted and judgment rendered on June 24, 1984.
In 1988, the Louisiana Supreme Court addressed the issue of whether ap- • pellant had a usufruct over that portion of decedent’s separate estate inherited by appellant. 531 So.2d 1073. The court held that Diana Blythe, pursuant to La.C.C. art. 1499, must either allow the disposition of the usufruct or' receive her legitime in full ownership and abandon to the widow the ownership of the disposable portion. Following this decision, Ms. Blythe did choose to allow the usufruct. A final accounting was submitted by the executor and was opposed by both appellant and appellee. Judgment on rules filed opposing that accounting was rendered on August 13, 1990. It is from this judgment that Carol Blythe now appeals.
ANALYSIS—ISSUE ONE
Under the provisions of LSA-R.S. 47:1965, an assessment made in the name of a party deceased is good and valid throughout this state unless notification in writing of the death and of whether or not the succession has been opened shall have been made in due season to the assessor by the heirs or parties interested and property assessed in the name of the owner as appears on the record of the recorder of mortgages at the date of the listing is deemed to be properly assessed. See Federico v. Nunez, 173 La. 957, 139 So. 18 [La.1931], holding that an assessment in the name of the record owner, even though dead, was valid.
White v. Lockhart, 129 So.2d 917, 920 (La. App. 1st Cir.1961). Here, there is no evidence of record that any notice of decedent’s death nor opening of the succession has been conveyed to the assessor. Accordingly, we find that the assessment of the ad valorem taxes to the succession was correct.
We now turn to Diane Blythe’s argument that Carol Blythe tacitly accepted the usufruct and has had possession of the decedent’s separate property since his death, and, therefore, is liable for the ad valorem taxes. Importantly, we note that this argument under this factual scenario is res nova. The record shows that the existence and extent of appellant’s usufruct was not recognized until November 1988 when Diane Blythe exercised her option under La.C.C. art. 1499. Commonsensibly, since appellant has not had the benefit of the use or the fruit of the usufruct, it necessarily follows that she cannot be held liable for the ad valorem taxes on the separate property at this stage of the proceedings.
ISSUE TWO
It is clear from the January 12,1984 judgment that, although the trial court did recognize the decedent’s desire to establish two trusts, it, nevertheless, concluded that “Item 3rd” contained a prohibited substitution and, therefore, was null and void. Moreover, since the appellant failed to timely appeal this ruling, we find the trial court’s January 12, 1984 judgment is a final one. However, since the judgment in question simply reaffirms the illegality of the bequest, we consider its ruling to be harmless error.
ISSUE THREE
La.C.C. art. 572 states, “The security shall be in the amount of the total value of the property subject to the usufruct. The court may increase or reduce the amount of the security, on proper showing, but the amount shall not be less than the value of the movables subject to the usu-fruct.” Here, appellant has made no showing of necessitous circumstances which would induce the trial court to decrease the amount of security and given the litigious history of this case, it cannot be said that *1209 the trial court abused its discretion in failing to reduce the amount of security.
For the reasons assigned, the judgment of the trial court dated August 13, 1990 is amended in the following respects, to-wit: that part of the judgment which reads “IT IS ORDERED, ADJUDGED AND DECREED that the usufructory [sic] shall be charged for the ad valorum [sic] taxes incurred on the real property in this Succession while the estate is under administration and before she is placed in possession by a Judgment of Possession from the date of February 22, 1982” is hereby set aside and in lieu thereof the judgment shall read, “IT IS ORDERED, ADJUDGED AND DECREED that the succession shall be charged for the ad valorem taxes on the separate property in question up to and until the usufructuary is placed in possession by a judgment of possession.” In all other respects, the judgment of the trial court dated August 13, 1990 is hereby affirmed.
SET ASIDE IN PART, AMENDED IN PART, AND AFFIRMED IN PART.