CRAIN, J.
|2In a previous appeal, this matter was remanded to the trial court for a determination of the appropriate amount and form of security to be posted by a usufructuary. See In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 765. On remand, the trial court held an eviden-tiary hearing and thereafter signed a judgment fixing the security. A naked owner appealed, and the usufructuary answered the appeal. We amend the judgment and, as amended, affirm.
FACTS AND PROCEDURAL HISTORY
Carole Beard died testate on November 5, 1993. Her surviving husband, Julius Beard Jr., instituted this proceeding and obtained a judgment of possession that, in relevant part, placed him in possession of the usufruct of an undivided one-half interest in most of the couple’s former community property.[1] The judgment of possession also vested each of Carole’s four children, two by a prior marriage and two from her marriage with Julius, with an undivided one-eighth interest in the subject property.
*312 Approximately fourteen years after the entry of the judgment of possession, one of Carole’s children from her first marriage, Christopher Shows, filed a petition in the proceeding seeking to terminate the usu-fruct or, alternatively, requesting that Julius post security. After a trial on the merits, the trial court denied Christopher’s claims. Christopher appealed, and, in a prior opinion, this court reversed the trial court’s denial of the request for security, holding that under the law applicable at Carole’s death, Julius was obligated to provide security because the petitioner, Christopher, was a child of Carole’s prior marriage. See Succession of Beard, 147 So.3d at 763-64. The matter was remanded to the trial |scourt for a determination of the appropriate amount and form of the security. See In re Succession of Beard, 147 So.3d at 765.
On remand, the trial court held a contradictory hearing where the parties presented a joint stipulation that established the total values for the property interests in the estate. Based upon those values, the property interests subject to the usufruct are as follows:
Movabie Property; $1,924,736.68
Immovable Property: $ 497.500.00
Total: $2,422,236.682
[Editor’s Note: The preceding image contains the reference for footnote[2]].
Christopher argued that the security should be in the form of a surety bond in the amount of $1,200,000.00, which is the approximate value of the undivided interests in the property held by the two children from Carole’s prior marriage, Christopher and his sister, Molly Shows. Julius countered that Molly’s interest in the property should not be considered because she did not request security. Julius also argued that the value of Christopher’s property interest should be discounted by the value of the outstanding usufruct burdening that interest and should be reduced by expenses reflected in the detailed descriptive list. Applying those deductions, Julius arrived at a figure of $193,475.56, which he suggested should be in the form of a promissory note. Julius also offered to provide periodic reports for an investment account at a financial firm that contained most of the liquid assets subject to the usufruct. Arguing that the cost of a commercial surety bond would be prohibitive, Julius cited evidence indicating that the cost of such a bond is at least 1% of the bond amount on an annual basis.
After taking the matter under advisement, the trial court ordered that Julius post a bond in favor of Christopher and Molly in the amount of $575,000.00, to be |4set forth in a promissory note executed by Julius. The trial court further ordered that the promissory note include an agreement that Julius provide Christopher and Molly an annual accounting of the investment account. The trial court’s ruling was reduced to a judgment signed on November 5, 2015.[3]
On appeal, Christopher contends the bond should be in the amount of *313 $2,422,236.68 and in the form of a surety-bond. Julius answered the appeal and maintains that the bond should only be in favor of Christopher and should not exceed $260,477.98, which he contends is the value of Christopher’s naked ownership in the movable property subject to the usufruct.
DISCUSSION
Pursuant to Louisiana Civil Code article 572, when a usufructuary is obligated to provide security, the security “shall be in the amount of the total value of the property subject to the usufruct.” However, the trial court “may increase or reduce the amount of the security, on proper showing, but the amount shall not be less than the value of the movables subject to the usufruct.” La. Civ. Code art. 572. Within those boundaries, the trial court has discretion in determining the amount of the security. See Succession of Beard, 147 So.3d at 764.
The form of the security is governed by Louisiana Revised Statute 9:1202, which authorizes the court to “order the execution of notes, mortgages, or other documents as it deems necessary” or “impose a mortgage or lien” on the property as security. See also La. Civ. Code art. 1514.[4] These provisions allow for whatever kind of security the trial court, in its discretion, deems appropriate. See Trahan, Successions & Donations, 64 La. L. Rev. 315, 329-30 (2004); see also La. Civ. Code art. 572, Revision Comments—1976, Comment (b) (“The rules adopted impose no limitations on the kinds of security that the usufructuary may furnish.”). A trial court’s judgment determining the amount and kind of security will not be disturbed on appeal absent an abuse of discretion. See Succession of Blythe, 576 So.2d 1207, 1208-09 (La. App. 5 Cir.), writ denied, 580 So.2d 385 (La. 1991).
Arguing that the security should be greater, Christopher points out the total value of the property subject to the usu-fruct is $2,422,236.68 and that an “unsecured note offers no security at all.” Conversely, Julius contends that the amount of the security should be reduced to reflect a discount in the value of Christopher’s interest attributable to the outstanding usu-fruct on the property.
At the outset of our analysis, we again note that the obligation to post security in this case arose solely because it was requested by Christopher, a child of Carole’s prior marriage and one of four naked owners holding an undivided interest in the property. In interpreting Article 572 under these circumstances, we are mindful of the language of former Louisiana Code of Civil Procedure article 3154.1, one of two statutory provisions previously cited by this court as the source of Christopher’s right to request the security. See Succession of Beard, 147 So.3d at 763-64.[5] Notably, Article 3154.1 directed that the requested security be “in an amount determined by the court as adequate to protect the petitioner’s interest.” (Emphasis added.) The emphasized language indicates that when a naked owner requests security under this provision, the security need only be sufficient to protect his interest. *314 By extension, if, as here, the property is owned by multiple naked owners and only one such owner requests security, the security need not be sufficient to protect the interest of the naked owners who did not request security.
|fiLaws on the same subject matter must be interpreted in pari materia, or in reference to each other. See La. Civ. Code art. 18; Pierce Foundations, Inc. v. Jaroy Construction, Inc., 15-0785 (La. 5/3/16), 190 So.3d 298, 303. Construing the cited articles in that manner, we find that when the obligation to post security arises by request of a naked owner pursuant to former Article 3154.1, the amount of the security should be based upon the value of the requesting naked owner’s interest in the property. Thus, for purposes of Article 572, the “value of the property subject to the usufruct” and the “value of the movables subject to the usufruct” mean the value of such property owned by the naked owner requesting the security.
To construe the article otherwise would allow a naked owner with only a nominal interest in the property to compel the usu-fructuary to post security for the full value of the property or, at a minimum, the full value of the movable property subject to the usufruct. Where only one of multiple naked owners requests security, no purpose would be served by requiring the usufructuary to post security in the total amount of all the naked owners’ interests. The non-requesting naked owners, by their silence, have indicated that they do not desire security for their interest.
For these reasons, and given that Christopher is the only naked owner to request security, we reject his contention that Article 572 mandates security in an amount greater than the value of his interest. We likewise reject his argument that the security cannot take the form of a promissory note signed by the usufructu-ary. Section 9:1202 specifically authorizes the court to order “the execution of notes” to satisfy the requirement of security.
 As to Julius’ contentions, we find no merit in his argument that the security should be reduced to reflect a discount in the value of Christopher’s interest | attributable to the outstanding usufruct on the property. At the termination of the usufruct, Julius will be obligated to deliver the property to the naked owners, or in the case of consumables, deliver things in the same quantity and quality or value that they had at the commencement of the usufruct. See La. Civ. Code arts. 628 and 629. The interest protected by the security is not limited to the naked ownership interest; it is the undivided interest in full ownership, unencumbered by a usufruct. Thus, for purposes of determining the appropriate amount of security, the value of the property should not be discounted by a usufruct that will no longer exist when the property is returned to the naked owners.
The amount of Julius’ security must either equal the total value of Christopher’s undivided interest in the property, or, on proper showing, be no less than the value of Christopher’s interest in the movable property subject to the usufruct. Based upon the parties’ stipulation, the value of Christopher’s undivided interest in all of the property is $605,559.17, and the value of his interest in the movable property is $481,184.17. After considering the evidence presented at the hearing, including testimony and records establishing that most of the movable property consists of liquid assets invested with a professional investment firm, the trial court, in its discretion, set the amount of Julius’ security at $575,000.00, in the form of a promissory note signed by Julius with an agreement to provide an annual accounting of the investment account. Based upon our review of *315 the entirety of the record, we find no abuse of discretion in that determination.
The trial court did, however, err as a matter of law in ordering that the security additionally be provided to Molly, who did not request security and has never made an appearance in this proceeding. We therefore amend the judgment to provide that the security is only in favor of Christopher Shows.
^CONCLUSION
The trial court’s judgment signed on November 5, 2015, is amended to provide that the security be posted by Julius Beard in favor of Christopher Shows only. As amended, the judgment is affirmed. Costs of this appeal are assessed equally to Julius Beard and Christopher Shows.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.

. The judgment of possession also recognized Julius’ full ownership of one-half of the former community property. A portion of the former community property, principally the family home and furnishings, was bequeathed by Carole to Julius in full ownership.

. The parties stipulated to the total value of all of the pertinent community property, including the one-half that went to Julius in full ownership. Because only Carole’s share of the community property bequeathed to the children is subject to the usufruct, the above valuations are one-half of the total value of the pertinent community property,

. The judgment also required Julius to provide written notice of the anticipated sale of any immovable property.

. Section 9:1202 and the pertinent language in Article 1514 were adopted by Louisiana Acts 2003, No. 1207, §§ 1-2, which this court previously found applicable to this case. See Succession of Beard, 147 So.3d at 764.

. Former Article 3154.1 was repealed by La. Acts. 2004, No. 158, § 2. The other provision relied upon by this court was a prior version of Louisiana Civil Code article 890 (repealed by La. Acts. 1996, No. 77, § 1), which recognized that "security may be requested” by heirs who were not children of the surviving spouse. See Succession of Beard, 147 So.3d at 763.